IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH R. BARRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 09-548-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Joseph R. Barry. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

MEMORANDUM OPINION

_____, 2012
Wilmington, Delaware


SLEET, Chief Judge

# I. INTRODUCTION

Petitioner Joseph R. Barry filed a document titled "Petition for a Redress of Grievances" in the Court of Appeals for the Third Circuit. The Third Circuit interpreted the pleading as petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("petition") and transferred the case to this court. (D.I. 1) Because Barry was a state prisoner at the time of filing, and his petition challenges the validity of a finding that he violated his probation and his incarceration as a result of that violation, the court construes his request for habeas relief as filed pursuant to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 61, 662 (1996). For the reasons set forth below, the court will dismiss his petition.

# II. PROCEDURAL AND FACTUAL BACKGROUND

On August 20, 2004, Barry was staying at the Glenn Motel on Route 40 in Bear, Delaware. (D.I. 4 at 1) Karen Stewart worked at the motel cleaning rooms. When Stewart completed cleaning a room and walked out from it, she saw Barry standing on the sidewalk outside his room wearing only a red t-shirt smoking a cigarette. Barry's penis was exposed. Stewart informed the motel manager, Patricia Gomer. When Gomer went to check on the situation, Barry had returned to his room. Gomer knocked on the door. Barry opened the door, revealing himself to be entirely naked. Gomer observed pornographic magazines scattered throughout the room. At the time of the this incident, Barry was already a registered sex offender. *Id.*

That same day, the Delaware State Police arrested Barry on the charge of second degree indecent exposure. *Id.* at 2. On October 15, 2004, Barry pled guilty to the charge, and the

1

Delaware Court of Common Pleas sentenced him to ten days at Level V incarceration, suspended for six months at Level II probation. *Id.*

On April 21, 2008, the Delaware State Police arrested Barry on the charge of failure to register as a sex offender. *Id.* He was indicted on one count of failure to register as a sex offender in June 2008, and he pled guilty to that sole count in August 2008. The Superior Court sentenced him to two years at Level V, with credit for forty-six days previously served, suspended for one year at Level I probation. *Id.*

On October 2, 2008, Department of Correction officials charged Barry with a violation of probation ("VOP"). The Superior Court found him guilty of that charge on July 8, 2009, and sentenced him to two years at Level V with credit for 195 days previously served, suspended for one year at Level III probation. *Id.*

On July 9, 2009, Barry filed a state petition for writ of habeas corpus. The Superior Court denied the petition as moot on July 22, 2009 because Barry had been released from prison on July 9, 2009. The Superior Court discharged Barry from probation on August 18, 2009. *Id.*

In the meantime, Barry mailed to the Third Circuit Court of Appeals a pleading dated July 7, 2009, which was docketed on July 28, 2009. The Third Circuit interpreted the pleading as a petition for writ of habeas corpus and transferred the matter to this court. (D.I. 1)

This court then provided Barry with a standard form on which to file a state petition for writ of habeas corpus and directed Barry to file a more definite statement. Barry did not respond. The State filed an answer, arguing that the petition should be denied as moot or procedurally barred. (D.I. 14)
2

## III. DISCUSSION

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. The issue of mootness is a threshold matter that must be resolved before turning to the merits of a case. *See Chong v. District Director, INS*, 264 F.3d 378, 383 (3d Cir. 2001).

When a habeas petitioner challenges his underlying conviction, and he is released from incarceration related to that conviction during the pendency of his habeas application, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong*, 264 F.3d at 384. "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong*, 264 F.3d at 383-84.

---

[1] *Kissinger*, 309 F.3d at 181.

3

In this case, Barry's "petition for redress of grievances" asserts several rhetorical questions, but mainly challenges the fact of his confinement at the time of writing. Barry, however, was released from prison on July 9, 2009, and he is not on probation. He has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, Barry has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Accordingly, the court will deny the instant petition in its entirety as moot.[2]

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a

---

[2]To the extent the petition challenges the Superior Court's finding that Barry violated his probation by failing to register as a sex offender, the court concurs with the State's assertion that the claim is procedurally barred from habeas review. (D.I. 14 at 4) Barry did not exhaust state remedies, and because any attempt to obtain review of the claim would be barred by Delaware state procedural rules, the claim must be treated as technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Given Barry's failure to provide any cause and prejudice for his default, as well as his failure to provide new reliable evidence of his actual innocence, the court alternatively denies the petition as procedurally barred from habeas review.

constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Barry's petition does not warrant federal habeas relief. Consequently, Barry has failed to make a substantial showing of the denial of a constitutional right, and the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the court will dismiss Barry's petition. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.